## COMMERCIAL MUTUAL ACCIDENT COMPANY *v.* DAVIS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

No. 114. Argued March 15, 16, 1909.—Decided April 5, 1909.

Where the defendant makes no appearance in the state court or in the Circuit Court except for the purpose of raising the question of jurisdiction and removing the case to the Federal court, such proceedings do not amount to a general appearance.

A State may require a foreign insurance corporation not having any regular office in the State to make its agents who have authority to settle losses in the State competent to receive notice of actions concerning such losses.

In order for a state court to obtain jurisdiction over a foreign corporation having neither property nor agent within a State it is essential for the corporation to be doing business in the State.

An insurance company with outstanding policies in a State on which it collects premiums and adjusts losses *held*, in this case, to be doing business within that State, so as to render it liable to an action, and that service, according to the law of the State, on a doctor sent to investigate the loss and having power to adjust the same is sufficient to give the state court jurisdiction.

While service of process on one induced by artifice or fraud to come within the jurisdiction of the court will be set aside, this court will not reverse the finding of the trial court that there was no such fraud where, as in this case, there is testimony supporting it.

Under § 5 of the act of March 3, 1891, c. 517, 26 Stat. 826, this court has jurisdiction to review cases certified in which the question of jurisdiction is alone involved and under the power conferred by that statute can reverse the court below, when clearly wrong, even upon questions of fact.

THE facts are stated in the opinion.

*Mr. Jules C. Rosenberger*, with whom *Mr. James C. Jones* and *Mr. Kersey Coates Reed* were on the brief, for plaintiff in error:

It is essential to support the jurisdiction of the court to render a personal judgment against a foreign corporation: That at the time of service of the summons the corporation was engaged in business in the State; that the person upon whom service was had stood in a representative character to the company, that his employment was general, not special, and that his duties were not limited to those of a subordinate employé nor to a particular transaction; and that such person was not lured or enticed into the State, or authority conferred upon him through any trick or device employed by the plaintiff. *St. Clair* v. *Cox*, 106 U. S. 350; *Frawley* v. *Penn. Casualty Co.*, 124 Fed. Rep. 259; *Goldey* v. *Morning News*, 156 U. S. 522; *Conn. Mut. Life Ins. Co.* v. *Spratley*, 172 U. S. 602; *Barrow S. S. Co.* v. *Kane*, 170 U. S. 100; *Conley* v. *Alkali Works*, 190 U. S. 406; *Geer* v. *Alkali Works*, 190 U. S. 428; *Remington* v. *Railroad Co.*, 198 U. S. 95.

The defendant was not and is not doing business in this State. Isolated or sporadic transactions, taking place between a foreign corporation and citizens of a State are not a doing or carrying on of business within that State, even where the transaction is of such a character as to constitute a part of the ordinary business of the corporation. *Cooper Mfg. Co.* v. *Ferguson*, 113 U. S. 727; *Frawley* v. *Ins. Co.*, 124 Fed. Rep. 264, and cases

cited; *Louden Machinery Co.* v. *Amer. Iron Co.*, 127 Fed. Rep. 1008; *Romaine* v. *Ins. Co.*, 55 Fed. Rep. 751; *Hazeltine* v. *Ins. Co.*, 55 Fed. Rep. 743; *St. Louis Wire Co.* v. *Consol. Wire Co.*, 32 Fed. Rep. 802; *United States* v. *Telephone Co.*, 29 Fed. Rep. 37, 41; *Carpenter* v. *Air Brake Co.*, 32 Fed. Rep. 434; 19 Cyc. 1268.

Much more so is this true where, as in this case, the business transacted was wholly by mail which does not constitute a doing of business in the State. *Allgeyer* v. *Louisiana*, 165 U. S. 578; *Marine Ins. Co.* v. *St. L. Ry. Co.*, 41 Fed. Rep. 643; *Hazeltine* v. *Ins. Co.*, 55 Fed. Rep. 743; *Romaine* v. *Ins Co.*, 55 Fed. Rep. 751; *Cæsar* v. *Cahill*, 83 Fed. Rep. 403; *East Bldg. & Loan* v. *Bedford*, 88 Fed. Rep. 7; *Neal* v. *New O. Assn.*, 100 Tennessee, 607; *Frawley* v. *Penna. Cas. Co.*, 124 Fed. Rep. 259.

Where the agency of the person served is casual or temporary or confined to a particular purpose, he cannot be held, in law, an agent to receive service of process on behalf of the corporation. *St. Clair* v. *Cox*, 106 U. S. 350; *Conn. Mut. Life Ins. Co.* v. *Spratley*, 172 U. S. 602; *Louden Mach. Co.* v. *Amer. Iron Co.*, 127 Fed. Rep. 1008, per McPherson, J., disapproving *Houston* v. *Filer Co.*, 85 Fed. Rep. 757; *Mex. Central Ry.* v. *Pinkney*, 149 U. S. 194; *Maxwell* v. *Railroad Co.*, 34 Fed. Rep. 286; *Frawley* v. *Pa. Casualty Co.*, 124 Fed Rep. 265; *Wall* v. *C. & O. Ry. Co.*, 95 Fed. Rep. 398.

If a person is induced by artifice to come within the jurisdiction of a court for the purpose of having process served upon him and process is there served, it is such an abuse that the court will, on motion, set the process aside. *Fitzgerald Const. Co.* v. *Fitzgerald*, 137 U. S. 98; *Frawley* v. *Penna. Casualty Co.*, 124 Fed. Rep. 259; *Louden Mach. Co.* v. *Amer. Iron Co.*, 127 Fed. Rep. 1008; *Cavanaugh* v. *Manhattan Transit Co.*, 133 Fed. Rep. 818.

The sheriff's return does not show a valid service under the local statute under which it was attempted to be made, § 7992, Rev. Stat. Mo., 1899, which provides that service may be made upon any person "who adjusts or settles a loss or pays the same

for such insurance corporation, or in any manner aids or assists
in doing either." No loss was adjusted, settled or paid in the
State. This loss having never been adjusted, settled or paid,
it cannot be said that he has in any manner "aided" or "as-
sisted" in so doing, as "assist" necessarily means that the
act attempted has been effected. *Hurst* v. *State,* 79 Alabama,
55, 57.

The Federal courts in determining their jurisdiction are not
bound by any local statute or decision, but will determine on
principles of general jurisprudence whether the company is
doing business in the State and whether the person served is
such an agent as is truly representative of the corporation.
*St. Clair* v. *Cox,* 106 U. S. 350; *Barrow Steamship Co.* v. *Kane,*
170 U. S. 100; *Spratley* v. *Ins. Co.,* 172 U. S. 602; *Frawley* v.
*Pa. Casualty Co.,* 124 Fed. Rep. 259, and cases cited.

*Mr. William C. Scarritt,* with whom *Mr. Elliott H. Jones* and
*Mr. Edward L. Scarritt* were on the brief, for defendant in error:

The finding of the lower court that the plaintiff in error was
doing business in the State of Missouri, and that there was no
fraudulent enticement of defendant below into this State, and
that due service of the process upon the defendant had been
made, is, upon this record, conclusive upon this court. *Russell*
v. *Ely,* 2 Black, 575, 580; *Texas & Pacific Railway Co.* v.
*Cox,* 145 U. S. 593; *United States* v. *Copper Queen Mining Co.,*
185 U. S. 495, 497; *Jeffries* v. *Mutual Life Insurance Co.,* 110
U. S. 305; *Hyde* v. *Booraem,* 16 Pet. 169, 176; *Parks* v. *Turner,*
12 How. 39, 43; *St. Louis* v. *Rutz,* 138 U. S. 226, 241; *Insur-
ance Co.* v. *Folsom,* 18 Wall. 237, 253; *Cooper* v. *Omohundro,*
19 Wall. 65, 69; *Mann* v. *Rock Island Bank,* 11 Wall. 650,
652.

The general finding of the court in favor of the service is
fully supported by the proof.

The return of the officer as to the service of the summons, and
the finding of the court in its judgment as to the facts of that
service are at least *prima facie* evidence of the facts so recited.

Alderson on Judicial Writs and Process, 530; Murfree on Sheriffs, § 866*a*; 18 Ency. of Pleading & Practice, 963.

The sheriff's return stands in the first instance as the affidavit of the sheriff, but is subject to be disputed by affidavits on the part of the defendant showing to the satisfaction of the court, upon motion to quash, that the return is not true in point of fact, or, as in the case at bar, is sufficient in law. *Carr* v. *Bank*, 16 Wisconsin, 50; *Bond* v. *Wilson*, 8 Kansas, 228; *Crosby* v. *Farmer*, 39 Minnesota, 305; *S. C.*, 40 N. W. Rep. 71; *Walker* v. *Lutz*, 14 Nebraska, 274; *S. C.*, 15 N. W. Rep. 352; *Wendell* v. *Mugridge*, 19 N. H. 109; *Stout* v. *Railroad Co.*, 3 McCrary, 1; *S. C.*, 8 Fed. Rep. 794; *Van Rensselaer* v. *Chadwick*, 7 How. Prac. 297; *Wallis* v. *Lott*, 15 How. Prac. 567; *Watson* v. *Watson*, 6 Connecticut, 334; *Rowe* v. *Water Co.*, 10 California, 442; *Wall* v. *Chesapeake & O. Ry. Co.*, 95 Fed. Rep. 398, 404.

Under the Missouri practice the return of the officer is conclusive as to the facts recited. And he is liable upon his official bond for false return. *Newcomb* v. *New York Central & H. R. R. Co.*, 182 Missouri, 687; *Phillips* v. *Evans*, 64 Missouri, 17; *Regent Realty Co.* v. *Armour Packing Co.*, 112 Mo. App. 271.

Upon a fair construction of all the proof submitted, the sheriff's return was good in law and the Missouri court had jurisdiction of the person of defendant. *Pennsylvania Lumbermen's Mutual Fire Ins. Co.* v. *Meyer*, 197 U. S. 407; *Houston* v. *Filer & S. Co.*, 85 Fed. Rep. 757; *Conn. M. L. I. Co.* v. *Spratley*, 172 U. S. 602; *Chattanooga Nat. B. & L. Assn.* v. *Denson*, 189 U. S. 408; *Funk, Adm.*, v. *Anglo-American Ins. Co.*, 27 Fed. Rep. 335; *St. Clair* v. *Cox*, 106 U. S. 350; *Bates* v. *Scott*, 26 Mo. App. 430.

MR. JUSTICE DAY delivered the opinion of the court.

This case presents a question of the jurisdiction of the Circuit Court of the United States to entertain a suit brought by Mary B. Davis, defendant in error, plaintiff below, against the

Commercial Mutual Accident Company, plaintiff in error, defendant below. The case comes here upon a certificate involving the question whether the defendant company was duly served with process. The Circuit Court found that the service of summons was valid and sufficient to give it jurisdiction, and overruled a motion to set aside the service and dismiss the action for want of jurisdiction.

The suit was commenced by Mary B. Davis in the Circuit Court of Howard County, Missouri, and was removed to the Circuit Court of the United States for the Central Division of Western Missouri by the defendant, a Pennsylvania corporation. The company made no appearance in the court below or in the state court, except for the purpose of raising the question of jurisdiction, and removing the case to the Federal court. Such proceedings did not amount to a general appearance in the suit. *Goldey* v. *Morning News*, 156 U. S. 518; *Wabash Western Rwy.* v. *Brow*, 164 U. S. 271.

The record contains a bill of exceptions, setting forth the testimony upon the question of jurisdiction. It appears that A. F. Davis, husband of the plaintiff, held a policy in the defendant company, issued August 6, 1896, in the sum of $5,000, insuring against accidental death. On December 31, 1906, he received a gunshot wound, from which he died on the fourth of January, 1907. On January 7, 1907, the insurance company was notified of the death. On January 14 and 15 one Dr. Mason, of Chicago, went to the city of Fayette, Missouri, the home of the plaintiff, and there made an investigation of the cause of death in defendant's behalf, and demanded an inspection of the body of the deceased, which demand was refused. Some correspondence ensued between the plaintiff and the defendant company, and, on February 20, a letter was written, signed by the plaintiff, which letter contained, among other things, the following:

"However, if you think it is right you may send some one here to examine the body for you. Can't you also send some one authorized who could settle the claim here if your doctor found everything as reported, as most all of the claims have

been paid, and I am very anxious to have the balance settled as soon as possible.

"Then, too, if I should want to compromise the claim in lieu of an examination, your agent would have power to settle it without any delay. Please let me know just when you will send some one as I am thinking of going to St. Louis for a few days and would like to be here when he comes, so let me know several days in advance."

To this letter the company replied, by a letter written by its secretary at the Philadelphia office, that it would have its medical representative in Fayette with authority to make an adjustment. Afterwards, on February 27, Dr. Mason went to Fayette, having received a written letter of authority from the company authorizing him to act on behalf of the company in the examination of the body of the deceased, which letter also authorized him to adjust the claim.

The testimony is not altogether in harmony as to what occurred at the meeting of February 27. It does appear that the representative of the plaintiff and Dr. Mason met and conferred upon the matter of compromising the claim, and that afterwards an offer was made by the plaintiff's representatives to proceed with an examination of the body of the deceased. Dr. Mason declined this offer until he could have another physician present; and after some negotiation a deputy sheriff appeared and served process upon Dr. Mason as agent of the company, upon a petition which had been prepared before his arrival, and which was filed in the case subsequently removed to the Federal court. There is also testimony tending to show that a physician was present, who was ready to assist in the examination of the body as a representative of the plaintiff.

The grounds of objection to the service in the case may be summarized to be: first, that Mason was not a person authorized to receive service of process on defendant's behalf; second, that at the time the service was attempted the defendant company was not engaged in the transaction of business in the State of Missouri; third, that Dr. Mason was enticed into the State of

Missouri by the trick and device of the plaintiff; fourth, that the return of service did not disclose a valid service under the laws of the United States nor of the State of Missouri.

As to the service of summons, the statutes of Missouri provide (Revised Statutes of Missouri, 1899, vol. 1, § 570) as follows:

"A summons shall be executed, except as otherwise provided by law, either . . . fourth, where defendant is a corporation or joint stock company, organized under the laws of any other State or country, and having an office or doing business in this State, by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business, or if it have no office or place of business, then to any officer, agent or employé in any county where such service may be obtained, and, when had in conformity with this subdivision, shall be deemed personal service against such corporation, and authorize the rendition of a general judgment against it."

Section 7992, vol. 2, Revised Statutes of Missouri, 1899:

"Service of summons in any action against an insurance company, not incorporated under and by virtue of the laws of this State, and not authorized to do business in this State by the superintendent of insurance, shall, in addition to the mode prescribed in section 7991, be valid and legal and of the same force and effect as personal service on a private individual, if made by delivering a copy of the summons and complaint to any person within this State who shall solicit insurance on behalf of any such insurance corporation, or make any contract of insurance, or collects or receives any premium for insurance, or who adjusts or settles a loss, or pays the same for such insurance corporation, or in any manner aids or assists in doing either."

The sheriff returned the summons as follows:

"Executed the within writ in the county of Howard and State of Missouri, on the 27th day of February, A. D. 1907, by delivering a copy of the petition in this case hereto attached and a copy of this writ to Frank G. Mason, agent of the within

named defendant, the Commercial Mutual Accident Company, a corporation organized under the laws of the State of Pennsylvania, and doing business in the State, but having no office or place of business herein, and not incorporated under the laws of this State nor authorized to do business in this State, and while he, the said agent, was transacting business for the said defendant in our said county, and while he was adjusting or settling a loss on a policy of insurance for said defendant or was aiding and assisting in so doing.

"GEORGE D. GIBSON,
" *Sheriff, Howard County, Missouri,*
"By H. L. HUGHES, *Deputy.*"

In view of the fact that much of the business of the country is done by corporations having foreign charters and principal offices remote from States wherein they transact business, it has been found necessary to make provision for the service of summons upon local agents, in order to give jurisdiction to try controversies which have originated in such States. With this purpose in view many States have provided that foreign corporations, in order to do business within the State, must make provision for service upon some local agent, or by authority conferred upon some state officer to accept service of summons. And but for such statutes and the authority given by the States to obtain service upon local agents there could be no recovery upon the contracts of such companies, unless redress be sought in a distant State where the company may happen to have its home office. *Mutual Life Ins. Co. v. Spratley,* 172 U. S. 602, 619; *Railroad Company v. Harris,* 12 Wall. 65, 83.

In pursuance of this policy the State of Missouri has enacted the sections of its statutes providing for service upon the agents of insurance companies. In § 7992 it is provided, among other things, that service may be made by delivering a copy of the summons and complaint to any person within the State who shall solicit insurance on behalf of any insurance company, or make any contract of insurance, or who collects or receives any

premium for insurance, or who adjusts or settles a loss or pays the same for such insurance corporation, or in any manner aids or assists in doing either. Under this section, in part at least, the sheriff undertook to make service upon Dr. Mason. The record clearly discloses that Mason had authority to adjust and settle the loss which was the subject of the plaintiff's claim. It is true that the statute says that service may be upon "any person within the State . . . who adjusts or settles the loss," etc. This language clearly has reference to the authority of the person whom the statute declares to be competent to receive service of summons, and the statute, in effect, provides that the person clothed with such power shall be capable of receiving service upon the corporation. The statute designing to reach one having the authority of the company for the purpose named, it is immaterial that the loss was not actually settled. This section (7992) is limited to the cases of companies not incorporated under the laws of the State, and not authorized to do such business within the State by the superintendent of insurance.

This law was in force when Dr. Mason came into the State clothed with full authority to settle the loss. The company must be presumed to have acted with knowledge of this statute. The company could only be served with process through some agent. It was competent for the State, keeping within lawful bounds, to designate the agent upon whom process might be served. It chose to enact a statute providing that an agent competent by authority of the company to settle and adjust losses should be competent to represent the company for the service of process. When the company sent such an agent into Missouri, by force of the statute he is presumed to represent the company for the purpose of service, and to be vested with authority in respect to such service so far as to make it known to the foreign corporation thus coming within the State and subjecting itself to its laws. *Lafayette Insurance Company* v. *French*, 18 How. 404, 408.

It is not necessary that express authority to receive service

of process be shown. The law of the State may designate an agent upon whom service may be made, if he be one sustaining such relation to the company that the State may designate him for that purpose, exercising legislative power within the lawful bounds of due process of law. This was held in effect in *Connecticut Mutual Life Insurance Company* v. *Spratley*, 172 U. S. 602.

We think the State did not exceed its power and did no injustice to the corporation by requiring that when it clothed an agent with authority to adjust or settle the loss, such agent should be competent to receive notice, for the company, of an action concerning the same.

It is further contended that the defendant company was not doing business within the State of Missouri. That it is essential, in order to obtain jurisdiction over a foreign corporation, having, as in the case at bar, neither property nor agent in the State, that it be doing business in the State is settled by numerous decisions of this court. *St. Clair* v. *Cox*, 106 U. S. 350; *Goldey* v. *Morning News*, 156 U. S. 518; *Barrow Steamship Company* v. *Kane*, 170 U. S. 100; *Connecticut Mutual Life Insurance Co.* v. *Spratley*, 172 U. S. 602; *Conley* v. *Mathieson Alkali Works*, 190 U. S. 406; *Lumbermen's Insurance Company* v. *Meyer*, 197 U. S. 407; *Peterson* v. *Chicago, Rock Island & Pacific Railway Company*, 205 U. S. 364.

Was the defendant doing business in the State of Missouri? The record discloses, and the court has found, that it had other insurance policies outstanding in the State of Missouri. Upon these policies undoubtedly premiums were paid, and it was the right of the company to investigate losses thereunder, to have an examination of the body of the deceased in proper cases, and to do whatever might be necessary to an adjustment or payment of any loss. The record shows that the company sent Dr. Mason to Fayette to investigate the loss sued for in this case, and later, and at the time of the service of the process, Mason was in Missouri with full authority to settle the loss in controversy.

Previous cases in this court have not defined the extent of the business necessary to the presence of a foreign corporation in the State for the purpose of a valid service; it is sufficient if it is doing business therein. We are of opinion that the finding of the court in this case is supported by testimony, and that the corporation was doing business in Missouri.

It is urged that it clearly appears from the testimony in this case that Dr. Mason was sent into the State of Missouri because of the fraud and artifice of the plaintiff, and that in such case the law will not permit a service of summons to stand. It is undoubtedly true that if a person is induced by artifice or fraud to come within the jurisdiction of the court for the purpose of procuring service of process, such fraudulent abuse of the writ will be set aside upon proper showing. *Fitzgerald Const. Co.* v. *Fitzgerald*, 137 U. S. 98. "The fraud of the plaintiff," says the counsel for the plaintiff in error, "consisted in inducing the company by artifice to confer upon Dr. Mason authority to compromise the suit."

Upon the testimony before the court the Circuit Court reached the conclusion that the company was not induced by fraud or artifice to send Dr. Mason to the State of Missouri. This court has jurisdiction to review, under clause 5 of the act of March 3, 1891, cases in which the question of jurisdiction alone is involved, and which are duly certified here for decision. And where the decision of the court below is clearly wrong, even upon a question of fact, it may be set aside under the power conferred by the statute upon this court. We think this is the effect of the reasoning in *Goldey* v. *Morning News*, 156 U. S. *supra;* and *Mexican Central R. R. Co.* v. *Pinkney*, 149 U. S. 194.

It is contended by counsel for the plaintiff in error that the evidence is undisputed and clearly demonstrates the fraudulent conduct of the plaintiff in obtaining service in this case. But we are not prepared, on this question of fact, to say that the court below committed plain error. The court might have found upon the testimony that there was a *bona fide* attempt

to settle the controversy between the parties, and that it was only when they failed to settle that service of summons was made upon Mason, as the agent of the company.   There is testimony tending to show that both parties expected an adjustment of the claim to be made at this meeting, which was held for that purpose.   There is testimony from which it might be inferred that there was a *bona fide* offer to permit an examination at that time of the remains of the deceased.   We do not feel authorized to find as against the testimony set forth in the bill of exceptions, and the finding of the court below, that the purpose in writing the letter of February 20, and procuring authority to be conferred upon Dr. Mason to settle the case, and to come into the State of Missouri for that purpose, was a mere fraudulent scheme to obtain service upon the insurance company.

As the sole question before us pertains to the sufficiency of the service under the facts disclosed, we reach the conclusion that the judgment of the Circuit Court must be affirmed.

*Affirmed.*