EL PASO & S. W. CO. v. CHISHOLM. *
(No. 527.)

(Court of Civil Appeals of Texas. El Paso. Nov. 11, 1915. Rehearing Denied Dec. 2, 1915.)

1. CONSTITUTIONAL LAW ☜305—DUE PROCESS OF LAW—NOTICE—JURISDICTION.

No judgment of a court is due process of law if rendered without jurisdiction in the court or without notice to the party.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 925–927; Dec. Dig. ☜305.]

2. COURTS ☜7—JURISDICTION—TRANSITORY ACTIONS—PERSONAL INJURIES.

A state court may entertain jurisdiction of an action for personal injuries suffered by a citizen of the state in another state; such action being transitory and maintainable wherever a court may be found that has jurisdiction of the parties and subject-matter.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 14, 16, 22–31; Dec. Dig. ☜7.]

3. RAILROADS ☜33—FOREIGN CORPORATIONS —SERVICE OF PROCESS.

The state court has jurisdiction of an action for personal injuries to a citizen of the state suffered by the negligence of a railroad company operating in another state, where service was had upon its general manager located in this state; Rev. St. 1911, art. 1861, providing that in any suit against a foreign corporation process may be served on its general manager or any local agent within the state, and it not being essential to the validity of the service that defendant should have expressly authorized its general manager to receive service of process.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 70, 71; Dec. Dig. ☜33.]

4. RAILROADS ☜33—FOREIGN CORPORATIONS —"DOING BUSINESS WITHIN STATE."

Where the managing officers of a foreign railroad corporation reside in this state, where they maintain their offices, and carry on business of the company which is executive and departmental in its nature, the railroad company is "doing business within the state."

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 70, 71; Dec. Dig. ☜33.

For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

5. RAILROADS ☜33—FOREIGN CORPORATIONS —SERVICE OF PROCESS—AGENTS.

Where the general manager of a foreign railroad company doing business within the state maintained a residence and business office in the county, service upon such general manager confers jurisdiction, since such agent represented the corporation in its business within the state.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 70, 71; Dec. Dig. ☜33.]

6. COURTS ☜511—JURISDICTION—COMITY— CAUSE OF ACTION.

Jurisdiction in one state of a cause of action arising in another state in transitory causes of action is exercised upon principles of comity.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1432; Dec. Dig. ☜511.]

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Application for writ of error pending in Supreme Court.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by William Chisholm against the El Paso & Southwestern Company. From an order dissolving an injunction restraining the prosecution of the suit, defendant appeals. Affirmed.

Chisholm filed suit against the El Paso & Southwestern Company in the district court of El Paso county, Tex., cause numbered 12540, to recover damages alleged to have been sustained through personal injuries received by him. He alleged that he was a citizen of said county, and while in the employment of the company in the operation of one of its trains engaged in interstate commerce in the state of New Mexico was injured through the negligence of said company. In this suit citation was issued and served in El Paso county upon H. J. Simmons, the general manager of the company. Thereupon, the company filed in said court this suit, wherein it sought to restrain the prosecution of cause No. 12540 on the ground that the service of citation therein was not such as would give the court jurisdiction of the suit.

Appellant alleges that it is a railroad corporation, incorporated under the laws of the state of New Jersey, and operates a railroad in both interstate and intrastate commerce, which lies wholly in the state of New Mexico, connecting at the boundary line between the state of Texas and the state of New Mexico, with a line of railroad operated and owned by the El Paso & Northeastern Railroad Company, a corporation incorporated under the laws of Texas, and which runs from said point of connection to the city of El Paso, in El Paso county, Tex., and over which freight, passengers, mail, and express originating upon appellant's line of railroad pass to and from El Paso in interstate commerce and appellant participates in such interstate commerce with the El Paso & Northeastern Railroad Company by means of a division of revenue, but does not transport or handle in the state of Texas any commerce; that appellant is required under the laws of New Mexico to have and maintain, and does have and maintain, therein its principal office and place of business and an agent thereat, upon whom service of process might be had, the place of such office and principal place of business and the name of the agent thereof being stated in the petition; that appellant maintains and operates its trains and its railroad in the state of New Mexico by and through a superintendent and trainmaster therein, which superintendent resides and has his office and transacts all of his business pertaining thereto at and from the town of Tucumcari, in New Mexico, and the trainmaster resides and has his office and transacts all of his business in the town of Carrizozo, in New Mexico, and all trains and employés of appellant engaged in the operation of its trains and railroad are at all times while in such state under the direction and control of said officials; that appellant has never in any way constituted or appointed the said Simmons as its agent upon whom legal process might be served, and at the time of the service of citation in case No. 12540 he was not the agent of appellant for such purpose, except to the extent that he was legally made such under and by virtue of the statutes of the state of Texas.

Appellant averred further that, under the Constitution and laws of the United States, Chisholm was without right to sue it upon his alleged cause of action, arising, as it is claimed, in the state of New Mexico, by virtue of the service of process upon said general manager, and it was claimed that said suit could only legally be brought and maintained with service had in New Mexico, and that the bringing and maintaining of the suit in a Texas court and requiring appellant to answer therein under such service so made upon its general manager was not due process of law, and was contrary to the Fourteenth Amendment to the federal Constitution, and any judgment therein rendered against it would be to deprive appellant of its property without due process of law. Other allegations made are not considered pertinent to the consideration and dispositions of the questions presented, and will not be stated. The averments of fact contained in the allegations stated will be assumed as true for the purpose of this appeal.

The following facts are also established by the undisputed testimony of appellant's officers, viz.: Mr. Hawks testified that during the time Simmons was general manager he was a resident of El Paso, Tex., and had his general office in said city; that he was general manager of the company for a number of years, and during all this time he executed all functions as general manager, performing those duties in El Paso; that he (Hawks) was general superintendent of the company in the month of August, 1915, and performed the duties of general superintendent in El Paso; the company had no general superintendent of its lines in New Mexico; he had supervision over the men and their work; during the time he was general superintendent he had supervision over all the employés running and operating the road in New Mexico; he had acted as general superintendent from April, 1907, up until September 1, 1915, when he succeeded Mr. Simmons, during all of which time he maintained his office in El Paso and performed his duties as superintendent therein and on the line. El Paso was the only place at which he maintained an office. The superintendent and trainmaster in New Mexico were under his supervision and instruction. Mr. Simmons, as the ranking officer, would

issue instructions, which would come to the witness, who would then issue instructions to the trainmasters, superintendents, and others. Instructions were also issued as to men in Arizona, Texas, and New Mexico. Superintendents reported to him. He and Mr. Simmons had the right to discharge the New Mexico superintendent or any other employé of the company in New Mexico, and exercised the right in many instances from his office in El Paso. The general passenger agent of appellant maintains offices in El Paso, as does the general claim agent also. The treasurer maintains an office there and performs his duties there. The general superintendent of motive power of appellant has an office in and resides in El Paso. A. L. Hawley testified that he was the general auditor of the El Paso Southwestern System and that there were about nine roads embraced in that system. There were four operating roads—the appellant and three others. Appellant had no other auditor than himself, and its accounts were kept in his office. He performed all the duties of general auditor of appellant in El Paso. It was agreed by counsel that 90 per cent. of the business of the El Paso Northeastern Railway Company and of the appellant is interstate business.

Mr. Simmons' connection with the company ceased September 1, 1915, when he was succeeded by Mr. Hawks. Chisholm's suit was filed July 12, 1915, and citation thereon was issued and served upon Simmons while he was general manager of the company.

In the court below a temporary injunction was issued, which was thereafter dissolved, and from the order of dissolution, this appeal is prosecuted.

Hawkins & Franklin and W. M. Peticolas, all of El Paso, for appellant. Geo. E. Wallace and P. E. Gardner, both of El Paso, for appellee.

HIGGINS, J. (after stating the facts as above). [1] It is contended that, while the statutes of the state of Texas make the general manager the agent upon whom service of process may be had, yet, in the absence of an appointment by defendant, of such general manager as one upon whom service of process might be had, such statute is not valid or effective as to causes of action arising in another state against a foreign corporation; that any judgment which might be rendered against the defendant in cause No. 12540 upon the cause of action therein asserted, which arose outside of the state and with service only upon a statutory agent, made such by the laws of the state of Texas, would not be due process of law under the Fourteenth Amendment to the federal Constitution. "No judgment of a court is due process of law if rendered without jurisdiction in the court, or without notice to the party." Scott v. McNeal, 154 U. S.

34, 14 Sup. Ct. 1108, 38 L. Ed. 896; Old Wayne Mutual Life Association v. McDonough, 204 U. S. 8, 27 Sup. Ct. 236, 51 L. Ed. 345.

The question manifestly resolves itself into a consideration of whether the district court of El Paso county, in the state of Texas, has jurisdiction over the subject-matter and person of defendant in the suit filed by Chisholm.

[2] In Railway Co. v. Sowers, 213 U. S. 55, 29 Sup. Ct. 397, 53 L. Ed. 695, Mr. Justice Day, delivering the opinion of the court in that case, said:

"An action for personal injuries is universally held to be transitory, and maintainable wherever a court may be found that has jurisdiction of the parties and the subject-matter."

This principle of law is so well established that further citation of authority would be a matter of supererogation. So far as relates to the subject-matter, the Texas court indubitably has jurisdiction.

[3] Under the facts established by the testimony of Hawks and Hawley, it can admit of no question, in our opinion, that jurisdiction of the party was likewise acquired by the service of process upon the general manager, Simmons. Article 1861, R. S., provides that in any suit against a foreign corporation citation or other process may be served on its president, vice president, secretary, treasurer, general manager, or any local agent within the state. The service upon Simmons is expressly authorized by this statute, and the authority of the state to so provide is abundantly supported by the court of last resort in such matters. The contention that it was essential to the validity of the service that appellant should have expressly authorized Simmons to receive service of process has been unequivocally repudiated. Mr. Justice Day, in Commercial Mutual Accident Co. v. Davis, 213 U. S. 245, 29 Sup. Ct. 445, 53 L. Ed. 782, says:

"It is not necessary that express authority to receive service of process be shown. The law of the state may designate an agent upon whom service may be made, if he be one sustaining such relation to the company that the state may designate him for that purpose, exercising legislative power within the lawful bounds of due process of law."

To the same effect is Connecticut Mutual Life Ins. Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed. 569.

[4] It would be a very difficult matter to formulate a definition of what constitutes doing business in a state by a foreign railroad corporation applicable in all instances, and the question may be best determined upon the facts arising in each case as it presents itself. Here from the testimony of Hawks and Hawley it is apparent that the company, through Simmons and its other officers and agents, was doing business in Texas. It appears that its managing officers and agents reside in El Paso county, maintain their offices there, there transact the

business of the company confided to them, and that such business is executive and departmental in its nature, is most important, and in every respect must be considered company business. Surely, this may safely be treated as doing business by the company in Texas. Railway Co. v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77; Com. Mut. Acc. Co. v. Davis, 213 U. S. 245, 29 Sup. Ct. 445, 53 L. Ed. 782; Conn., etc., v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed. 569; Railway Co. v. Demere, 145 S. W. 623.

[5] So it remains only to be determined whether the general manager in this case was such an agent as the state might lawfully designate as one upon whom service of process might be had. Upon this phase of the case it is settled that service of process upon foreign corporations doing business within the state may be had upon an agent who there represents the corporation in its business (Peterson v. Railway Co., 205 U. S. 364, 27 Sup. Ct. 513, 51 L. Ed. 841; St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222; Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113; Railway Co. v. Cox [Sup.] 157 S. W. 745); and, as has been seen, appellant was doing business in this state, and in the transaction of its business was represented by its general manager, Simmons, who had his residence and business office in the county where the suit was brought. Service upon Simmons was sufficient (Railway Co. v. Alexander; Com. Mut. Acc. Co. v. Davis; Conn., etc., v. Spratley; Railway Co. v. Demere—all supra).

It thus follows that the court had jurisdiction of the subject-matter and parties, and the injunction against the prosecution of the suit was properly dissolved.

Appellant insists that the rules of law and decisions to which we have adverted have been overruled by the decision of the Supreme Court of the United States in the recent case of Simon v. Southern Ry. Co., 236 U. S. 115, 35 Sup. Ct. 255, 59 L. Ed. 492, and it is thereby now established, that the power of the state to designate by statute an individual upon whom service of process may be had in suits against foreign corporations is limited to causes of action arising upon business transactions transpiring and torts committed within the state enacting such law; and as to all other causes of action against such corporations service of process even upon any agent will not confer jurisdiction, unless such agent has been authorized by the corporation to receive process in its behalf.

The Simon Case is the only one of the number cited by appellant which can be considered as in any wise upholding the position assumed, and what we regard as the proper interpretation of the opinion therein rendered does not sustain appellant. It was there held in a suit brought in Louisiana against a foreign corporation, upon a transitory cause of action arising in Alabama, that service of process upon an officer of the state of Louisiana, under a statute of that state authorizing such service, was not effective to give the courts of Louisiana jurisdiction, and the judgment rendered violated the due process clause of the Constitution. There was no voluntary agency relationship whatsoever existing between the officer so designated and the corporation. His authority to receive service of process arose by virtue of the statute alone. In passing upon this state of facts, the Supreme Court simply held that the power of the state to designate one who was in no wise connected with the defendant corporation as one upon whom service of process might be had, if it exists at all, is limited to causes of action arising out of business and transactions transpiring within the state. It did not hold that the state was without authority to designate a duly accredited agent of the corporation located within the state, and there transacting the business of the corporation as a proper person upon whom service of process could be had.

It may be conceded that broad language is used in the Simon Case, but to give it literal application upon the facts presented here would be in conflict with rules of law established by numerous decisions of the Supreme Court over a long period of time. As to corporations it would overturn the universally accepted rule that an action upon a transitory cause of action is maintainable wherever a court may be found having jurisdiction of the parties and subject-matter. If it was the intention of the court in the Simon Case so radically to change universally accepted principles and its own unbroken line of authority, it would doubtless have done so in no uncertain terms, and not by implication merely.

[6] It is further asserted by the appellant that jurisdiction in one state of a cause of action arising in another state, even in transitory causes of action, is exercised only upon principles of comity, and in the instant case should be denied. No reason is apparent why in this case recognition should be denied of the principle of comity indicated.

The court below did not err in dissolving the injunction theretofore issued, and its judgment is affirmed.