No. 672

JOHNSON MAPLE SYRUP CO. v.
GROSVENOR.

Ohio Appeals, 3rd Dist., Logan Co.

No. 752. Decided July 22, 1927.

1085. SERVICE OF SUMMONS—Whether service was had by trickery, upon one who resides out of jurisdiction of court, is question of fact for determination of court before whom it is presented.

Error to Common Pleas.
Judgment affirmed.

First Publication of this Opinion

HUGHES, J.

The defendant, who lived in a county other than the one in which this action is brought, had been in the employ of the plaintiff for some time, engaged in buying maple syrup. This suit was begun to recover a balance which it is claimed was due from the defendant by reason of appropriation of advancements made by plaintiff for the purpose of purchasing maple syrup on its account.

Service was had upon defendant after he had been induced, as claimed by him, by trickery, to come within Logan county, and a motion was filed to set aside the service.

As was said in the case of Commercial Mutual Accident Company v. Davis, 213 U.S. 245:

"It is undoubtedly true that if a person is induced by artifice or fraud to come within the jurisdiction of the court for the purpose of procuring service of process, such fraudulent abuse of the writ will be set aside upon proper showing."

As is intimated further, in the opinion in the above case, this is purely a question of fact for the determination of the court before whom it is presented for determination.

The evidence before us is substantially without conflict.

It might be said with much reason, that the trial court could readily have found that the conduct and actions of the plaintiff were all in good faith and there was no artifice or trick in all that was done to induce the defendant to come into the jurisdiction of the court. Yet, on the other hand, the evidence is sufficient, in our opinion, to warrant the court to draw the conclusion that what was done in the matter, and the circumstances surrounding the same, was sufficient to warrant a finding to the contrary.

The court having found, from the evidence, that this was not a properly procured service, we are not willing to say, on a review of this record, that this finding is manifestly against the weight of the evidence before the court on the motion, and the judgment will be affirmed.

Judgment affirmed.

(Before Judges Crow, Hughes and Justice.)

Attorneys—Miller & Middleton for Johnson Maple Syrup Co.; W. Clay Huston for Grosvenor; all of Bellefontaine.