## BOSTON MEDICAL SUPPLY CO. v. BROWN & CONNOLLY, Inc., et al.

### Civil Action No. 51–16.

United States District Court
D. Massachusetts.

April 7, 1952.

See also, 98 F.Supp. 13.

Allan R. Rosenberg, Boston, Mass., for plaintiff.

Henry E. Foley, Boston, Mass., Foley, Hoag & Eliot, Boston, Mass., for defendant T. H. McKenna, Inc.

SWEENEY, Chief Judge.

The defendant T. H. McKenna, Inc. has filed a motion to dismiss for reason of improper venue.

In the summer of 1950 one Miller, who was the manager of the Brooklyn branch of the defendant, sold the plaintiff about $3,-000 worth of medical books. Subsequently it was called to the attention of McKenna by other booksellers that such a sale was an improper one and that McKenna should not do business with this plaintiff. Thereafter Miller came into the state of Massachusetts in order to recover the unsold books then in the possession of the plaintiff. He was successful in this endeavor and had the balance of the books returned to the defendant in Brooklyn. This is the only time that the defendant through agents or servants ever came into Massachusetts so far as the evidence shows, and under the law it does not constitute "transacting business" within the meaning of Secion 12 of the Clayton Act, 15 U.S.C.A. § 22. There is no question that the defendant McKenna was not "found" in Massachusetts, and the sporadic venture into this commonwealth for the purpose of terminating its previous business relationship with this plaintiff can hardly be construed as transacting business. The cases cited by the plaintiff in support of its position, Pennsylvania Lumbermen's Mutual Fire Insurance Co. v. Meyer, 197 U.S. 407, 25 S.Ct. 483, 49 L.Ed. 810, and Commercial Mutual Accident Co. v. Davis, 213 U.S. 245, 29 S.Ct. 445, 53 L.Ed. 782, are clearly distinguishable from the instant case as in both of those cases the insurance companies' risks were substantial within the state and the presence of an adjuster to adjust its losses can hardly be comparable to the visit of McKenna into the state for the purpose of not doing business here.

The motion to dismiss must be allowed. The plaintiff's suggestion to transfer this case to New York does not seem practical, as many of the other defendants in this action are, on the surface at least, doing business only in Massachusetts. If the plaintiff can satisfy this Court that the Southern District of New York would be a proper venue for all these defendants, then a motion to transfer may be renewed.