Tammy GATTE, individually and as representative on behalf of Phillip Gatte Estate on behalf of Evan Gatte; Colby Gatte, Plaintiffs–Appellants

v.

Judy DOHM; Ready 4 A Change, L.L.C.; Rafael Velasco Marin; Ezequiel Gamez Hinojosa; Hector Joaquin Perez Corzo; Guillermina Gamez; Clinica Victoria Hospital, Defendants–Appellees.

---

Tammy Gatte, individually and as representative on behalf of Phillip Gatte Estate on behalf of Evan Gatte; Colby Gatte, Plaintiffs–Appellants

v.

Ready 4 A Change, L.L.C.; Judy Dohm; Rafael Velasco Marin; Ezequiel Gamez Hinojosa; Hector Joaquin Perez Corzo; Guillermina Gamez; Clinica Victoria Hospital; Brian Gamberg; Clinica Victoria de Cancun S A de C V; Maria Guillermina Gamez, Defendants–Appellees.

No. 13–31033.

United States Court of Appeals, Fifth Circuit.

June 23, 2014.

Kenneth Henry Hooks, III, Dodson, Hooks & Frederick, A.P.L.C., Baton Rouge, LA, for Plaintiffs–Appellants.

Joseph R. Pousson, Jr., Plauche, Smith & Nieset, L.L.C., Lake Charles, LA, Iliaura Hands, Machale Andrew Miller, Ira Matthew Williamson, Miller & Williamson, L.L.C., New Orleans, LA, for Defendants–Appellees.

Before REAVLEY, JONES, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge: *

The district court dismissed the plaintiffs' claims against all defendants for lack of personal jurisdiction. For the reasons explained below, we REVERSE the dismissal as to Judy Dohm and Ready 4 A Change, LLC ("R4C"), AFFIRM the dismissal as to the remaining defendants, and REMAND the case to the district court.

## BACKGROUND

This case arises out of the death of Phillip Gatte, a Louisiana citizen, at a hospital in Cancun, Mexico. Gatte allegedly died from complications following post-weight-loss body-sculpting surgery. The plaintiffs, Gatte's family members, sued R4C, a Minnesota-based medical tourism company that had arranged the surgery, and Judy Dohm, a Minnesota citizen and co-owner of R4C (collectively, "the R4C defendants"). The plaintiffs also sued Clinica Victoria, the hospital where the surgery was performed; Dr. Ezequiel Gamez Hinojosa ("Dr. Gamez"), the sole administrator, general manager, and co-owner of

Clinica Victoria; and Maria Guillermina Gamez, an employee of Clinica Victoria (collectively, "the Clinica Victoria defendants"). Finally, the plaintiffs sued Dr. Rafael Velasco Marin ("Dr. Velasco"), the doctor who performed surgery on Gatte, and Dr. Hector Joaquin Perez Corzo ("Dr. Perez"), whose involvement is unclear.

The plaintiffs initially sued the above defendants in Louisiana state court in November 2011. The R4C defendants removed the case to federal court in December 2011. For reasons that are not clear, the plaintiffs sued the same defendants in state court once again in March 2012, asserting essentially the same claims.[1] The R4C defendants removed this second case to the district court in April 2012. The plaintiffs voluntarily dismissed the claims against Velasco, Perez, and the Clinica Victoria defendants in the first case, leaving only R4C and Dohm as defendants. However, the claims against Velasco, Perez, and the Clinica Victoria defendants were not dismissed from the second case. In October 2012, the two cases were consolidated. As a result, the claims against all seven defendants remain in the consolidated case.

The R4C defendants, jointly represented by one law firm, filed a motion to dismiss for lack of personal jurisdiction and on other grounds. The Clinica Victoria defendants, jointly represented by a different law firm, similarly filed a motion to dismiss for lack of personal jurisdiction and on other grounds. However, Marin and Perez never made an appearance in the case, although the plaintiffs claim they were served with process. The district court

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. The plaintiffs also filed an amended complaint in state court in April 2012 (several days before removal), adding a claim against Gatte's local doctor in an attempt to avoid removal. The claims against the local doctor were voluntarily dismissed in May 2012.

concluded that personal jurisdiction was lacking and dismissed the claims against all defendants. The plaintiffs now appeal.[2]

## DISCUSSION

"A district court's dismissal for want of personal jurisdiction pursuant to Rule 12(b)(2) is subject to *de novo* review." *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir.1997).

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the party who seeks to invoke the jurisdiction of the federal court bears the burden of establishing the district court's jurisdiction over the nonresident. If the question whether jurisdiction lies in federal court is to be decided on the basis of facts contained in the parties' affidavits, however, the party who bears the burden need only present a *prima facie* case for personal jurisdiction; proof by a preponderance of the evidence is not required. Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists.

*D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545–46 (5th Cir.1985) (internal citations omitted).

## I. Personal jurisdiction over the R4C defendants

Typically, personal service of process on a defendant who is voluntarily present in a state will give rise to personal jurisdiction in that state, regardless of any "minimum contacts" analysis. *Burnham v. Superior Court of Cal.*, 495 U.S. 604, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990); *see also Luv N' Care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 n. 2 (5th Cir.2006) ("Federal courts may ... always assume jurisdiction over a defendant in any action in which there is personal, in-state service of process."). However, service of process in the forum state will not give rise to personal jurisdiction if the defendant's presence in the forum state is procured by fraud for the purpose of serving process. *See Commercial Mut. Accident Co. v. Davis*, 213 U.S. 245, 256, 29 S.Ct. 445, 53 L.Ed. 782 (1909) ("It is undoubtedly true that if a person is induced by artifice or fraud to come within the jurisdiction of the court for the purpose of procuring service of process, such fraudulent abuse of the writ will be set aside upon proper showing."); 21 C.J.S. *Courts* § 82 (2014) ("As a general rule, in a civil case, a court will not take jurisdiction based on a service of process on a defendant who was brought within the reach of its process wrongfully or fraudulently, or by deceit or any other improper device. . . . The rule is based not on a lack of jurisdiction but on the view that it is improper for a court to exercise a jurisdiction so obtained.").

■ The district court declined to address whether service of process on Dohm in Louisiana was sufficient to establish personal jurisdiction. The district court explained: "[I]t appears that the plaintiff filed the second case to cure a potential procedural defect with the service of process on Ms. Dohm, whom the defendants allege was fraudulently induced into coming to Louisiana by the plaintiffs to be

---

**2.** Because the plaintiffs do not challenge the district court's *sua sponte* dismissal of the claims against Velasco and Perez for lack of personal jurisdiction, we do not consider whether this was error.

served with process, under the ruse of Ms. Dohm delivering the deceased Mr. Phillip Gatte's ashes to the plaintiffs." The district court noted that "[t]he plaintiffs served Ms. Dohm pursuant to Louisiana's long arm statute in the second case." *Id.* Finding that the "alleged procedural defect was present only in the first case, and not the second," the district court did "not address the fraudulent inducement/service of process issue." *Id.* However, the district court erred in viewing this only as a potential *defect* in establishing personal jurisdiction and not as a means by which the plaintiffs might have *established* jurisdiction. Although the district court concluded that the R4C defendants lacked the minimum contacts necessary for Louisiana to exercise personal jurisdiction over them, service of process on Dohm in Louisiana renders the minimum contacts analysis unnecessary.

Because Dohm was personally served with process while voluntarily present in Louisiana, personal jurisdiction was established as to her unless she was fraudulently induced to enter the state for the purpose of serving process. Dohm states in an affidavit that she "had an acquaintance who was in Cancun and was about to return to the states" and who "was willing to return Gatte's personal belongings and the remains." However, Dohm states, "[t]he plaintiffs adamantly refused, ... forc[ing] [her] to come to Louisiana under false pretenses." She further states that she "was duped by Mr. Gatte's family into flying to Cancun, Mexico to retrieve Gatte's remains and personal effects due to being led to believe that plaintiffs were too distraught to do so themselves when, in fact, they were in the process of retaining counsel, drafting a petition, and arranging to serve [her] and/or Ready 4 A Change under false pretenses when she came to Lake Charles, Louisiana with Gatte's remains and personal belongings."

On the other hand, plaintiff Tammy Gatte states in an affidavit that "[o]n or about October 27, 2011, Judy Dohm contacted [her] and offered to fly to Mexico and retrieve Phillip Gatte's personal items and ashes from Mexico." She also states that "[a]t that time, [she] had not discussed the death of her husband with any attorney and had not considered the possibility of filing suit against Judy Dohm and the various doctors involved." She further states that she has no background in the legal profession and was not aware, prior to the time Dohm scheduled her trip to Louisiana, that Dohm's presence in the state would be beneficial to her lawsuit. "[C]onflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *D.J. Investments*, 754 F.2d at 546. Tammy Gatte's affidavit, if believed, establishes that she did not trick or defraud Dohm into coming to Louisiana. For purposes of the personal jurisdiction inquiry, this is conclusive.

Service of process on Dohm was likewise sufficient to establish personal jurisdiction over R4C. "[A] domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name" may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(h)(1)(B). Dohm is one of the three owners of R4C and is alleged to be its manager. The R4C defendants argue that Dohm was present in Louisiana "solely in her personal capacity." Even if this were true, which is doubtful, it would be irrelevant to our inquiry. Rule 4(h)(1)(B) requires no consideration of the capacity in

which an agent of an association was acting at any particular moment.

## II. Personal jurisdiction over the Clinica Victoria defendants

 The plaintiffs argue that R4C's contacts with Louisiana establish personal jurisdiction as to the Clinica Victoria defendants due to

the principal/agent relationship that exists between [R4C and Clinica Victoria] and the apparent authority with which R4C was cloaked when it solicited Mr. Gatte to enter into a contract for surgery with the Clinica Victoria Defendants, guided his decision-making regarding his surgical options, acted as liaison between Mr. Gatte and the Clinica Victoria Defendants, made all arrangements for Mr. Gatte's procedure and travel to Mexico, and collected Mr. Gatte's payment.

Because we find no evidence that R4C was an actual or apparent agent of the Clinica Victoria defendants, we do not otherwise consider the merits of this argument.

The plaintiffs identify no evidence showing that R4C was given actual authority to act as an agent for Clinica Victoria, and the affidavit of Dr. Gamez states that no such relationship exists between Clinica Victoria and R4C. Furthermore, the plaintiffs identify no actions or statements by the Clinica Victoria defendants that would suggest that R4C was acting as an agent for Clinica Victoria. The plaintiffs note that the R4C website used language such as "our surgeons," "our staff & physicians," and "our hospital and facilities" when describing various Mexican doctors and hospitals. However, these are representations made *by R4C*—not the Clinica Victoria defendants—and cannot be attributed to the Clinica Victoria defendants without more.

The plaintiffs also contend that "affiliate surgeons, such as Dr. Hector Perez Corzo from Clinica Victoria, post their CVs on the R4C website and have appeared in videos produced by R4C, bearing the R4C banner, and posted on the R4C website." However, the plaintiffs have offered no evidence showing that Dr. Perez was an employee or agent of Clinica Victoria, and there is no basis to attribute Dr. Perez's representations to the Clinica Victoria defendants. Even on the R4C website, there was nothing to suggest that Dr. Perez is affiliated with Clinica Victoria.

### CONCLUSION

For the reasons explained above, the district court's dismissal of the plaintiffs' claims for lack of personal jurisdiction is REVERSED as to Dohm and R4C and AFFIRMED as to the remaining defendants. The case is REMANDED to the district court for further proceedings.