## MINNESOTA COMMERCIAL MEN'S ASSOCIATION *v.* BENN, EXECUTRIX OF BENN.

### CERTIORARI TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 103. Argued January 12, 1923.—Decided February 19, 1923.

1. A judgment by default rendered against a foreign corporation on process served on a state officer as its agent, in a State in which it has done no business, nor otherwise consented to be so served, is void. P. 145.
2. Upon facts stated, *held:* (*a*) That a contract of insurance made between a mutual insurance company and a person domiciled in another State, through acceptance at the company's home office of an application received by mail, was a contract made and to be performed in the State of the company's domicile; and
(*b*) That the company could not be said to be doing business in the other State merely because one or more of its members, at its suggestion but without authority to obligate it, solicited new members there, or because it insured persons living there, mailed notices to them and paid losses by checks upon its home bank, mailed from its home office. P. 144.

149 Minn. 497, reversed.

CERTIORARI to a judgment of the Supreme Court of Minnesota affirming a judgment recovered by the respondent against the petitioner in an action based on a Montana judgment.

*Mr. A. V. Rieke* and *Mr. David F. Simpson,* with whom *Mr. Wm. A. Lancaster, Mr. John Junell, Mr. James E. Dorsey* and *Mr. Robert Driscoll* were on the brief, for petitioner.

*Mr. Alphonse A. Tenner,* with whom *Mr. M. H. Boutelle, Mr. Arthur M. Higgins, Mr. Edward E. Tenner* and *Mr. T. H. MacDonald* were on the brief, for respondent.

The petitioner was doing business in Montana, the certificate or policy was made and is payable in Montana, and is governed by the laws of that State. *Iowa State Traveling Men's Assn.* v. *Ruge,* 242 Fed. 762; *Lumbermen's Ins: Co.* v. *Meyer,* 197 U. S. 407; *Connecticut Mutual Iife Ins. Co.* v. *Spratley,* 172 U. S. 602; *Herndon-Carter Co.* v. *Norris & Co.,* 224 U. S. 496; *Commercial Mutual Accident Co.* v. *Davis,* 213 U. S. 245; *Mutual Reserve Fund Life Assn.* v. *Phelps,* 190 U. S. 147.

The ruling of these cases was not modified by *Hunter* v. *Mutual Reserve Life Ins. Co.,* 218 U. S. 573; and *Provident Savings Life Assurance Society* v. *Kentucky,* 239 U. S. 103.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Petitioner is a mutual assessment, accident and health insurance company, incorporated under the laws of Minnesota, with many members scattered throughout the Union. It issued a certificate of membership to Robert J. Benn, of Montana. He died in 1915, and his executrix—respondent here—instituted an action against the Association in a Montana court to recover the sum said to be due under the rules. After service of summons and complaint upon the Secretary of State and the Insurance Commissioner, judgment was entered by default. Thereafter she brought an action in Minnesota upon the judgment and prevailed both in the trial and Supreme Court. 149 Minn. 497.

Defending, the Association claimed that it had never done business in Montana or consented to service of process there; that the insurance contract was executed and to be performed in Minnesota; that the Montana

court was without jurisdiction, the judgment void, and enforcement thereof would deprive petitioner of property without due process of law contrary to the Fourteenth Amendment.

The decision here must turn upon the effect of the process served on the Secretary of State in Montana. Did the court there acquire jurisdiction to enter judgment?

The Supreme Court of Minnesota followed *Wold* v. *Minnesota Commercial Men's Association* (1917), 136 Minn. 380, wherein the opinion referred to *Connecticut Mutual Life Insurance Co.* v. *Spratley,* 172 U. S. 602, and *Commercial Mutual Accident Co.* v. *Davis,* 213 U. S. 245, but did not cite *Hunter* v. *Mutual Reserve Life Insurance Co.,* 218 U. S. 573, or *Provident Savings Life Assurance Society* v. *Kentucky,* 239 U. S. 103.

Section 6519, subdivision 3, Montana Revised Code of Civil Procedure (1915) provides—"Any corporation organized under the laws of the state of Montana, or doing business therein, may be served with summons by delivering a copy of the same to the president, secretary, treasurer, or other officer of the corporation, or to the agent designated by such corporation. . . . And if none of the persons above named can be found in the state of Montana, and an affidavit stating that fact shall be filed in the office of the clerk of the court in which such action is pending, then the clerk of the court shall make an order authorizing the service of summons to be made upon the Secretary of State, who shall be and is hereby constituted an agent and attorney in fact to accept service on behalf of such corporation, and service upon said Secretary of State shall be deemed personal service upon said corporation."

Petitioner has never maintained any office except in Minneapolis, Minnesota; its business is transacted there; it has never owned property or sought permission to do business in any other State.

Applications for membership are presented on printed forms, usually by mail. The by-laws provide that no person can secure membership until the board of directors has accepted his application at the home office and certificate has issued. Such certificates are mailed as directed by the applicants.

Assessments and dues are payable at the Minneapolis office and notices in respect of them are mailed to members at their last known addresses.

New members are procured by advertisement and through the solicitation of older ones. The latter are urged to furnish lists of prospects and to use their influence to increase the membership; but no member has authority to bind the Association. Although not essential, applications frequently bear a member's recommendation. Soliciting members receive no compensation except occasional premiums or prizes. No paid solicitors or agents are employed.

Losses are settled by checks on Minneapolis banks mailed from the home office. Proofs of loss must be made on the forms provided. In case the attending physician's certificate is inadequate, the Association procures additional information through some local physician, but no resident physicians are employed outside of Minnesota. The right to make further investigation is reserved; but there is no evidence to show anything has been done under this reservation in the present case. Losses are adjusted by the directors in Minneapolis.

The Association accepted Robert J. Benn's application for health insurance, solicited and recommended by Harry K. Hartness, a member, November 6, 1908, and a further application for additional protection May 3, 1911. These were sent by mail from Kalispel, Montana, where both individuals resided. Notices were regularly mailed to Benn at his home address, and he paid dues and assessments in the ordinary course. It does not appear that there was any-

thing unusual or irregular in the proofs of death or the report of attending physician. Without further investigation and upon unsolicited information received through the mail, the Association declined to pay.

Respondent claims that the facts show petitioner was doing business in Montana and the insurance contract was made and payable there. And it is said this contention is supported by *Connecticut Mutual Life Insurance Co.* v. *Spratley, supra,* and *Pennsylvania Lumbermen's Mutual Fire Insurance Co.* v. *Meyer,* 197 U. S. 407.

Considering all the circumstances, it seems sufficiently clear that the agreement incident to membership is a Minnesota contract, there made and to be performed.

The Montana court was without jurisdiction unless petitioner by doing business in the State impliedly assented that process might be served upon the Secretary of State as its agent. "If an insurance corporation of another State transacts business in Pennsylvania without complying with its provisions it will be deemed to have assented to any valid terms prescribed by that Commonwealth as a condition of its right to do business there; and it will be estopped to say that it had not done what it should have done in order that it might lawfully enter that Commonwealth and there exert its corporate powers." *Old Wayne Mutual Life Association* v. *McDonough,* 204 U. S. 8, 21.

The circumstances chiefly relied on to show that petitioner was doing business in Montana are these: The insured was asked to send in his application, upon a form furnished by the Association, by Hartness, one of its members and a resident of Montana, who with other members had been requested to procure such applications. The form was filled and signed in Montana and then sent to Minneapolis with the requisite fee. It was accepted and certificate of membership mailed to the applicant. After customary notices from the Association, with which blank applications for new members were commonly enclosed,

the insured sent dues and assessments from his home in Montana to Minneapolis by mail and received receipts— all according to the usual method. Other members of the Association resided at Kalispel. The Association reserved the right to investigate all claims for sickness, accident or death.

Considering what this Court held in *Green* v. *Chicago, Burlington & Quincy Ry. Co.,* 205 U. S. 531; *Philadelphia & Reading Ry. Co.* v. *McKibbin,* 243 U. S. 264; *People's Tobacco Co.* v. *American Tobacco Co.,* 246 U. S. 79; and *Rosenberg Bros. & Co.* v. *Curtis Brown Co.,* 260 U. S. 516, we think it cannot be said that the Association was doing business in Montana merely because one or more members, without authority to obligate it, solicited new members. That is not enough " to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the State or district where service is attempted." *People's Tobacco Co.* v. *American Tobacco Co., supra,* 87.

It also seems sufficiently clear from *Allgeyer* v. *Louisiana,* 165 U. S. 578; *Hunter* v. *Mutual Reserve Life Insurance Co., supra,* and *Provident Savings Life Assurance Society* v. *Kentucky, supra,* that an insurance corporation is not doing business within a State merely because it insures lives of persons living therein, mails notices addressed to beneficiaries at their homes and pays losses by checks from its home office. See also *Pembleton* v. *Illinois Commercial Men's Association,* 289 Ill. 99.

We conclude that the record fails to disclose any evidence sufficient to show that petitioner was doing business in Montana within the proper meaning of those words, and that the court there lacked jurisdiction to award the challenged judgment.

*Reversed.*