## HENRY KASEL v. MILWAUKEE EMPLOYEES PENSION ASSOCIATION.[1]

August 3, 1928.

No. 26,752.

**Illinois beneficiary association held not to be doing business in Minnesota.**
A beneficiary association, with its only office in Illinois, which employs no solicitors or other agents in this state, collects dues from members through the Chicago office of their employer, and does nothing locally but pay resident members their claims for accrued benefits, payment being made from Chicago, *held* not to be doing business in this state.

Insurance, 32 C. J. p. 996 n. 18.

Defendant appealed from an order of the district court for Steele county, Senn, J. denying its motion to set aside the service of a summons upon it for lack of jurisdiction. Reversed.

*Arthur D. Cloud* and *Sawyer, Gausewitz & Lord,* for appellant.
*Nelson & Nelson,* for respondent.

STONE, J.

Action to recover the accrued instalments of a disability pension under a benefit certificate issued by defendant to plaintiff. Defendant appeared specially, moved to set aside the service of summons for lack of jurisdiction, and appeals from the order denying that motion.

Defendant is an Illinois corporation which has never been domesticated in this state and claims that it has never transacted business here in such fashion as to authorize the service of summons against it upon a resident agent. On the hearing of the motion, there was both oral and documentary evidence. Findings of fact were made and the conclusion reached that the defendant, when the summons was served upon one of its directors in Minnesota, was doing business here so as to confer upon the courts of this state jurisdiction

[1] Reported in 221 N. W. 21.

over it. The only question on this appeal is whether the record sustains that conclusion.

The purpose of defendant, as stated by its by-laws, is to "establish and maintain a permanent fund for the protective benefit of persons in the service of the Chicago, Milwaukee & St. Paul Railway Company who may be eligible to membership and who become members of this organization." It seeks and has members wherever the railway company operates, but its headquarters and only business office are in Chicago. It has no agents elsewhere.

The payment of dues and other contributions from members is voluntary rather than a matter of contractual obligation. Payments by members are not made directly to defendant but, with the member's consent, are deducted from his monthly pay by the division paymaster of the railway. The latter credits defendant therewith, and settlement is made monthly between the treasurer of the railway company and defendant at Chicago. The entire deductions for all of defendant's members for a given month are paid by one check to its order.

Defendant has many members in Minnesota from whom dues are being collected as just stated. Its purpose is to pay pensions in case of "dire need" and disability of its members, and it is paying some such pensions in Minnesota. Neither by its membership certificates nor by-laws are those pensions made payable at the home office in Chicago, so necessarily they are payable in each case at the residence of the beneficiary. Bothwell v. Buckbee, Mears Co. 275 U. S. 274, 48 S. Ct. 124, 72 L. ed. 136. As occasion requires, doubtless defendant must investigate in this state demands for pensions and other benefits made by members residing here. The testimony is that it never had occasion to investigate a claim in Minnesota until plaintiff asserted the one which it is the purpose of this action to enforce. The investigators do not adjust claims. They report to the directors at Chicago, by whom and where the claim is allowed or denied.

At the time the action was commenced, defendant had no solicitors in Minnesota. In fact, it has never had any regular solicitors here

or elsewhere. Only on occasion has it sent out some of its members, paying their "time and expenses" while they were so employed, to advertise it with employes of the railway who had not yet become members. These solicitors did not take applications after the manner of the conventional insurance agent and were not authorized to receive money. It seemed to have been their function only to advertise defendant and to go no further than to get prospective members in contact with the home office at Chicago. Defendant's main reliance for increased membership is upon the favorable opinion and recommendation of those who are already its members.

The case seems to us to be within the principle of Minnesota Commercial Men's Assn. v. Benn, 261·U. S. 140, 43 S. Ct. 293, 67 L. ed. 573, wherein it was held that such an association as defendant does not do business in a given state merely because its members resident there solicit new members, nor because it insures lives of persons living therein, mails notices addressed to beneficiaries at their homes, and pays losses by checks from its home office. That defendant pays what it calls "pensions" does not make its business other than insurance. The pensions are but a species of insurance against disability from casualty or old age. The case is distinguishable from Bothwell v. Buckbee, Mears Co. 275 U. S. 274, 48 S. Ct. 124, 72 L. ed. 136, because of a local aspect of the contract there involved which has no counterpart here.

Order reversed..