RAUSCH v. COMMERCIAL TRAVELERS'
MUT. ACC. ASS'N OF AMERICA.*
No. 8390.

Circuit Court of Appeals, Eighth Circuit.
Jan. 30, 1930.

Rehearing Denied March 6, 1930.

*Certiorari denied 50 S. Ct. —, 74 L. Ed. —.

against The Commercial Travelers' Mutual Accident Association to recover on an accident policy in the sum of $5,000, payable in the event of the death of the insured during the continuance of said policy, as the result of external, violent, and accidental means. The policy was dated and became effective November 19, 1924. May 19, 1926, while the policy was in effect, the insured died as the result of gastritis, alleged to have been caused by the consumption of infected food, counted upon as external, violent, and accidental means within the terms of the policy. Appellant first sought to obtain service upon appellee, under the provisions of section 6310, R. S. Mo. 1919, by delivering a copy of the writ, together with a certified copy of the petition thereto attached, to the chief clerk to the superintendent of the insurance department of the state of Missouri; both the superintendent and deputy superintendent being absent from Cole county, their domicile, at the time of said service. The action, first filed in the circuit court of St. Louis, Mo., was removed to the district court of the United States for the Eastern Judicial District of Missouri, because of diversity of citizenship. Thereafter, appellee filed motion to quash this return of service upon the ground that it was not authorized by the provisions of section 6310, which, so far as the same is material here, provides as follows:

"Any insurance company not incorporated by or organized under the laws of this state, desiring to transact any business by any agent or agents in this state, shall first file with the superintendent of the insurance department a written instrument or power of attorney, duly signed and sealed, appointing and authorizing said superintendent to acknowledge or receive service of process issued from any court of record, justice of the peace, or other inferior court, and upon whom such process may be served for and in behalf of such company, in all proceedings that may be instituted against such company, in any court of this state or in any court of the United States in this state, and consenting that service of process upon said superintendent shall be taken and held to be as valid as if served upon the company, according to the laws of this or any other state."

The motion to quash avers that the defendant never transacted any business in the state of Missouri, had never maintained an office therein for the transaction of its business, and had never maintained or had an agent in the state of Missouri for the trans-

James C. Jones, Jr., of St. Louis, Mo. (James C. Jones, Frank H. Sullivan, and Willard A. McCaleb, all of St. Louis, Mo., on the brief), for appellant.

Robert A. Holland, Jr., of St. Louis, Mo. (Jacob M. Lashly and Forrest C. Donnell, both of St. Louis, Mo., on the brief), for appellee.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and DEWEY, District Judge.

VAN VALKENBURGH, Circuit Judge.

This is a suit by the administrator of the estate of Julius Carl Rausch, deceased,

action of its business. The motion further stated that the contract sued upon was both executed and delivered in the state of New York, and was a New York contract; that appellee never applied for nor obtained a license to do business in the state of Missouri, and had never consented or agreed by writing, word, or act that service of summons directed to it could be had upon it in suits pending in the state of Missouri, by serving such summons upon the superintendent of the insurance department of that state, or upon any other person whomsoever. Thereafter, appellant caused to be issued an alias writ of summons which was executed by service upon one Dr. J. A. Hartman, described as the agent and adjuster in Missouri for appellee. This service was sought to be made under the provisions of section 6312, R. S. Mo. 1919, which said section provides as follows:

"Additional service.—Service of summons in any action against an insurance company, not incorporated under and by virtue of the laws of this state, and not authorized to do business in this state by the superintendent of insurance, shall, in addition to the mode prescribed in section 6310, be valid and legal and of the same force and effect as personal service on a private individual, if made by delivering a copy of the summons and complaint to any person within this state who shall solicit insurance on behalf of any such insurance corporation, or make any contract of insurance, or collect or receive any premium for insurance, or who adjusts or settles a loss or pays the same for such insurance corporation, or in any manner aids or assists in doing either."

To this also appellee filed its motion to quash on the ground that the return of service was in form defective, and upon the further ground that the defendant Hartman was not, and never had been, an agent or adjuster of appellee. In this motion, it is repeated that appellee had never transacted any business in the state of Missouri, nor maintained an office in that state for the transaction of its business, nor maintained or had an agent in the state for that purpose. The motions to quash were by the court sustained, and the plaintiff stated in open court that no further writ of alias summons would be applied for, and that he would proceed no further therein. The court ordered that the cause be dismissed for failure to prosecute.

█ It is insisted by appellee that, because no exception was taken to the action of the court in sustaining the motions to quash the returns of service, the record presents no question for the determination of the court and the appeal accordingly should be dismissed. At common law, when the lack of jurisdiction did not appear on the face of the record, the objection was taken by plea in abatement; latterly the motion to quash has been substituted and recognized in many cases. In the instant case testimony was taken, as upon plea in abatement, and, under the circumstances, we believe it to be more in harmony with the modern trend to view these motions to quash as pleadings forming a part of the record proper as distinguished from the bill of exceptions, and, therefore, reviewable in the absence of exception.

The first step in our inquiry should be to determine whether appellee was doing business in the state of Missouri within the legal definition of that term. The Supreme Court in Minnesota Commercial Men's Association v. Benn, 261 U. S. 140, 43 S. Ct. 293, 67 L. Ed. 573, has held that "a judgment by default rendered against a foreign corporation on process served on a state officer as its agent, in a State in which it has done no business, nor otherwise consented to be so served, is void," of course because of want of proper service. See also Hussey Tie Co. v. Knickerbocker Ins. Co. (C. C. A. 8) 20 F.(2d) 892. Apparently counsel for appellant lacked confidence in the jurisdiction sought to be obtained by service upon the representative of the state insurance department; for they caused an alias writ of summons to be issued and to be served upon Dr. Hartman of St. Louis as an agent and adjuster of appellee. The contention that appellee was doing business in Missouri is thus limited.

█ The writer of this opinion, in Higham v. Iowa State Travelers' Ass'n (C. C.) 183 F. 845, 847, undertook to define the character of the agent or representative of a foreign insurance company upon which binding service can or cannot be made. It was there held that in laws providing such service "reference is plainly had to business operations of the corporation carried on within the state through the medium of agents appointed for that purpose, that are continuous, or at least of some duration, and not to business transactions that are merely casual. St. Louis Wire-Mill Co. v. Barb-Wire Co. et al. [C. C.] 32 F. 802. The power to make contracts for the company is recognized as indicative of such authority. Wall v. Ches-

apeake & Ohio Ry. Co., 95 F. 398, 37 C. C. A. 129. It is not sufficient that the agency be of the most casual and temporary character. Frawley et al. v. Penn. Casualty Co. [C. C.] 124 F. 259." The conclusions reached in the Higham Case are supported by cited cases both persuasive and controlling. We adopt them as decisive of the question now under consideration.

Under the cases cited above and, in fact, the great weight of decision, it seems clear that Dr. Hartman was not such an agent as would make his incidental acts the doing of business in the state by appellee. Undoubtedly, if Dr. Hartman had been clothed with general authority to make adjustments and settlements, or if he had been clothed with such authority in this specific case, a different situation would have been presented. But Hartman was never given authority to adjust and settle cases, nor did he ever undertake to assume or exercise such authority. His employment, which was from time to time, when requested, to make examination of a given person, and report his findings to the company, was limited to that service and to the individual case. With the case at bar he had nothing whatsoever to do, as he had not in many other cases. He was not under retainer, received no salary, had no general contract of employment, nor, in fact, any contract at all. He was not, therefore, a person upon whom service could be made under the terms of section 6312 R. S. Mo., supra. But the Supreme Court of Missouri has construed sections 6310 and 6312, R. S. Mo. 1919, and, under that construction, service under neither section is valid in the instant case. These sections are the same respectively as those numbered 7042 and 7044 in the preceding revision of 1909. In Mining & Milling Co. v. Fire Insurance Company, 267 Mo. 524, 552, 184 S. W. 999, 1005, the court said:

"For the purpose of preventing confusion in discussing the constitutionality of said section 7042, it should be borne in mind that it does not apply to suits arising out of contracts of insurance written in this state by a foreign insurance company, without a license from it to do business herein. All such suits are governed by section 7044. *Nor do either of those sections authorize service of process* in suits brought in the courts of this state against foreign insurance companies doing business herein *without a license from the state to so do, based upon a policy of insurance issued thereby in another state or country.*"

Appellee not only has done no business within the state of Missouri, but has not applied for nor received any license to do business therein. Therefore, section 6310 does not apply, for that reason. Further, neither section authorizes service of process in suits against foreign insurance companies doing business in the state without a license, based upon a policy of insurance issued in another state or country. The policy in suit was, by its terms and by the circumstances of its issue, a New York contract. Therefore, under state, as well as under federal law, both forms of service upon appellee were void; the motions to quash were properly sustained and the judgment below is affirmed.