## OLIVER v. IOWA STATE TRAVELING MEN'S ASS'N.

No. 10104.

Circuit Court of Appeals, Eighth Circuit.

April 4, 1935.

Frederic M. Miller, of Des Moines, Iowa, (E. C. Street, of Waco, Tex., and Jesse A. Miller, of Des Moines, Iowa, on the brief), for appellant.

J. M. Parsons, of Des Moines, Iowa (Earl C. Mills, of Des Moines, Iowa, on the brief), for appellee.

Before WOODROUGH and FARIS, Circuit Judges, and DONOHOE, District Judge.

DONOHOE, District Judge.

This suit grew out of an accident insurance issued by the Iowa State Traveling Men's Association, hereinafter referred to as the association, to one Walter Earl Oliver, who was a resident and citizen of the state of Texas. After death, alleged to be the result of accidental injury, suit was brought in a Texas court on the membership certificate. Three citations were issued by the clerk of the district court of the county wherein suit was commenced. One citation was served upon W. A. Tarver, chairman of the board of insurance commissioners of the state of Texas. A second citation was served upon J. E. Peters, as local agent of the Iowa State Traveling Men's Association at Waco, McLellan county, Tex., and the third citation was served upon the Iowa State Traveling Men's Association, by serving S. E. Woodall, as its agent, at Temple, Tex. No appearance was made in the action, and a judgment was accordingly entered by default.

Later this action was commenced in the District Court of the United States for the Southern District of Iowa, seeking a judgment upon the foreign judgment so recovered in the state of Texas. The association appeared by answer, and challenged the legality of service of process upon it from the Texas court, and challenged the validity of the judgment recovered therein on the ground that it was not incorporated or licensed to do business in the state of Texas, and had never submitted to or complied with any of the laws of the state of Texas; that no person was authorized to accept service for it in said state in any action; that it never had any officer, agent, or other person in the state of Texas upon whom service of process might be had; that it had not conducted any business within said state; that S. E. Woodall and J. E. Peters, upon whom the pretended service was had, were not agents of the association upon whom service might be had or secured; that it was organized under the laws of the state of Iowa as a purely mutual organization, with its principal place of business in the city of

Des Moines; that by the terms of the contract and its by-laws at the time of the admission of the insured, Walter Earl Oliver, it was provided that a deposit of the certificate of membership in the mails at Des Moines completed the contract; that it was so completed; and that the contract was an Iowa contract.

Upon the trial, when the taking of evidence was completed, both parties moved for an instructed verdict. The jury was accordingly discharged, and judgment was entered by the court for the defendant. The appeal therefrom, which we are now considering, presents the validity of the foreign judgment, and raises two questions:

(1) Was the association doing business in the state of Texas in such a way as to subject it to service of process in suit?

(2) Did the association have an agent upon whom service of process might be had in the state of Texas, who was served by process?

It appears from the evidence that certain of the members, when they filed their claims with the association at Des Moines, Iowa, were referred to Dr. Wood of Waco, Tex., for examination; that, when they received notices of assessment, there were generally included application blanks for the purpose of securing new members, and that notices were sent to them from time to time that they would receive a premium or prize for a certain number of names furnished of prospective members, provided the names were accepted; that no money was paid or received for recommending others to become members of the association.

Dr. Wood, above referred to, testified that he made several examinations for the association of members, who had received injuries, and that he made reports thereof to the association at Des Moines, Iowa; that he received his compensation for each examination shortly after he sent in his report, always in the form of a check through the mails from the Des Moines office; that the manner and method of employment was generally a request from the association, through the mails from Des Moines, for him to see and examine an injured member, always stating the date the party was injured, and containing a request that he examine the member carefully and see if his injuries were such as would warrant his claim; that they always requested his opinion as to whether the injury was of such a character as would result in permanent or total disability, or disfigurement. He received no request or direction to give treatment to the injured person; that in each instance of his employment in any case a separate and distinct charge was made for his services, which was paid by the association by check, and that the employment would thereupon terminate; that he had no connection with the defendant association in any capacity, other than that he made occasional examinations and reports when called upon so to do, for which he was paid as independent transactions.

The witness, S. E. Woodall, testified that he was a member of the association; that he gave to the deceased, Walter Earl Oliver, the application blank to fill out and send to the association; that he signed the blank recommending the deceased for membership; that these application blanks were received with each assessment notice, which is about four times a year, and that at the same time he was invited to send in names of prospective members; that he received no compensation for sending in names, and was never offered any compensation by the association, except that on one occasion he received a premium in the form of a billfold; that he has no knowledge as to whether the deceased became a member of the association; that he never received any word from the association regarding him; that he received no compensation for procuring Mr. Oliver's application; that the blank applications, which he received with his assessment notices, he gave to men whom he was willing to recommend as members; that the citation was served upon him from the district court of Bell county, Tex.

It further appears from the record that the association had no office or place of business in the state of Texas, nor did it have any regularly employed doctors or agents; that it had no contract with anyone as such; that all losses were paid at the office in Des Moines, Iowa, by check; that the board of directors pass upon the payment of claims.

A similar state of facts and almost identical questions were involved in the case of Minnesota Commercial Men's Association v. Benn, 261 U. S. 140, 43 S. Ct. 293, 295, 67 L. Ed. 573. The court, after reviewing the evidence, said: "We think it cannot be said that the association was doing business in Montana merely because one or more members, without authority to obligate it, solicited new members. That is not enough —'to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers

or agents present within the state or district where service is attempted.'"

And again: "That an insurance corporation is not doing business within a state merely because it insures lives of persons living therein, mails notices addressed to beneficiaries at their homes and pays losses by checks from its home office."

And concludes: "That the record fails to disclose any evidence sufficient to show that petitioner was doing business in Montana within the proper meaning of those words, and that the court there lacked jurisdiction to award the challenged judgment."

To the same effect is a quite recent decision of this court. Rausch v. Commercial Travelers' Mut. Acc. Ass'n (C. C. A.) 38 F.(2d) 766.

 It does not appear from the evidence that the association applied for admission to do business, or that it transacted business in the state of Texas, or had any property therein. The contract was made in the state of Iowa, and must be considered an Iowa contract. Consequently we are impelled to the conclusion that the court rendering the judgment in the state of Texas lacked jurisdiction.

The judgment of the lower court is therefore affirmed.