Frank A. Gulotta, J.
This is a motion to vacate the service of a summons purportedly made on a foreign corporation, by service on the president of said corporation while he was in New York, on the ground that the court lacks jurisdiction because the corporation is not engaged in business in the State.
The corporation, Talley Industries, Inc., was incorporated under the laws of Delaware and maintains offices in Cheshire, Connecticut, and in Mesa, Arizona. It is strictly a holding company, having no operations of its own, but owning all or a majority portion of the stock in three or four operating companies.
It was in connection with one of these, Microwave Dynamics Corporation, that Talley made an employment contract with the four individual plaintiffs and this lawsuit is based on that contract.
Plaintiffs base their argument to the effect that Talley is “ present ” in New York, essentially on this isolated transaction, plus the holding of two corporate meetings of its own in New York City.
Clearly there has been no regular, systematic and continuous activity by Talley in New York, such as moved the court to hold in Tauza v. Susquehanna Coal Co. (220 N. Y. 259), that the defendant who employed eight people in New York, whose job it was to solicit orders for coal, resulting in a continuous flow of commodities into the State, was engaged in business here, although all orders were subject to acceptance at the home office in Philadelphia.
It was pointed out in that case that, once this conclusion has been reached, it makes no difference that the cause of action sued on has no relation in its origin to the business here transacted.
Our present case poses the question as to whether the corollary to this is true, viz., does the fact that the cause of action arises out of the transaction relied on to prove * ‘ presence ’ ’, obviate the need for showing that the corporation is here ‘ ‘ not occasionally or casually, but with a fair measure of permanence and continuity
My conclusion is that it does not. In International Shoe Co. v. Washington (326 U. S. 310), the Supreme Court greatly liberalized its approach to this problem when it laid at rest the notion that “ due process ” required the application of some inflexible rule of thumb in deciding when it has been satisfied.
At page 319 it was said:
“It is evident that the criteria by wffiich we mark the boundary line between those activities which justify the sub *292 jection of a corporation to suit, and those which do not, cannot be simply mechanical or quantitative. The test is not merely, as has sometimes been suggested, whether the activity, which the corporation has seen fit to procure through its agents in another state, is a little more or a little less.. St. Louis S. W. R. Co. v. Alexander, supra [227 U. S.] 228; International Harvester Co. v. Kentucky, supra [234 U. S.] 587. Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties or relations. Cf. Pennoyer v. Neff [95 U. S. 714] supra; Minnesota Commercial Assn. v. Benn, 261 U. S. 140.” But even in that case there was continuity in the foreign corporation’s dealings in the State (11 to 13 salesmen were regularly employed in soliciting orders for shoes).
The earlier case of Rosenberg Co. v. Curtis Brown Co. (260 U. S. 516) gives us a better inkling of what the decision should be here. There it was squarely held that an Oklahoma corporation engaged in selling at retail in Tulsa, who purchased a large amount of its supplies in New York and whose president had been served here, was not “ present ” in New York even though he was served while here on such a business trip. It was further held (p. 518) that “ the fact that the alleged cause of action arose in New York is immaterial ”.
This would seem to be an answer to the argument that the making of the contract itself constituted “ doing business ” in the sense that term is used in the cases. Motion granted.